UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RANDY ANDREW PITTS, <br><br> Plaintiff, <br><br> v. <br><br> WESTVILLE CORRECTIONAL FACILITY, et al., <br><br> Defendants. | CAUSE NO. 3:22-CV-81-RLM-MGG |

OPINION AND ORDER

Randy Andrew Pitts, a prisoner without a lawyer, filed a complaint against Westville Correctional Facility, Captain Lewis, and Lieutenant Lester Jones. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Pitts alleges that Captain Lewis and Lieutenant Lester Jones removed all his property from his cell except for a pair of boxers, a pair of socks, sweatpants, a thermal top, a pair of sandals, a sheet, a blanket, and a mattress. They took his

personal hygiene items, legal work, and tablet.[1] Mr. Pitts says that this lasted from July 26, 2021, to August 25, 2021, when Captain Lewis and Lieutenant Lester Jones told their officers to return Mr. Pitts's property. Some property was returned, but Mr. Pitts claims that seventy-five percent of it was missing. At some point, more of his property was found and returned. His tablet was returned, but it was broken and he was charged $250.00. He is still missing a box of legal paperwork, photographs, letters, medical records, and other items. He seeks monetary compensation for each missing or damaged item.

To begin with, Mr. Pitts can't proceed against Westville Correctional Facility. It's a building, not a suable entity. Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012).

The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." A state tort claims law that provides a method for a person to seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. Hudson v. Palmer, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the

---

[1] Mr. Pitts also notes that he was denied a shower, clean clothes, and a mask to protect him from COVID-19. The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). To state a claim under the Eighth Amendment, the prisoner must show both that the deprivation was sufficiently serious and that the defendant acted with deliberate indifference to the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Mr. Pitts hasn't provided details that would allow an inference that these deprivations were serious enough to implicate constitutional concerns. Too, he hasn't pleaded facts suggesting that either Captain Lewis or Lieutenant Jones were deliberately indifferent to his health or safety. Accordingly, the complaint doesn't state a claim upon which relief can be granted under the Eighth Amendment.

state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq*.) and other laws provide for state judicial review of property losses caused by government employees and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See* Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Even the destruction of legal materials is merely a property loss if the papers are replaceable. Hossman v. Spradlin, 812 F.2d 1019 (7th Cir. 1987). Legal papers aren't irreplaceable just because there is a cost associated with obtaining them. These allegations don't state a claim upon which relief can be granted.

Mr. Pitts may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form. Pursuant to N.D. Ind. L.R. 7-6, Mr. Pitts much use this form, which is available from his law library. After he properly completes the complaint form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

3

4

(1) GRANTS Randy Andrew Pitts until **May 13, 2022**, to file an amended complaint; and

(2) CAUTIONS Randy Andrew Pitts that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on April 11, 2022

                                              s/ Robert L. Miller, Jr.
                                              JUDGE
                                              UNITED STATES DISTRICT COURT